UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
|  | § | CRIMINAL NO. 5:16-cr-1263(S) |
| Saul ROMERO a/k/a Flaco (3) | § | |
| | § | |
| | § | |
| | § | |
| Marco Antonio MONTERROSA DUBON | § | |
| a/k/a Markito (18) | § | UNDER SEAL |
| | § | |
| | § | |
| | § | |
| Daniel LAUREL a/k/a Danny (24) | § | |
| Marco A. SALAZAR, III | § | |
| a/k/a Marco Salazar (25) | § | |
| Ana FIGUEROA (33) | § | |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### INTRODUCTION

At all times material to this Indictment:

1.  ▆▆▆▆▆▆▆▆▆ and Saul ROMERO are heads of an organization and enterprise operating out of Laredo, Texas, Nuevo Laredo, Mexico and elsewhere that negotiates for the importation and distribution of cocaine, heroin, fentanyl and methamphetamine into the United States.

2.  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Daniel LAUREL a/k/a Danny, individually and through known and unknown co-conspirators recruited numerous individuals in Texas, Florida and elsewhere to perform a variety of functions critical to the success of the organization.

1

3. ███████████████████████████ Marco Antonio **MONTERROSA DUBON** a/k/a **Markito**, Marco A. **SALAZAR**, III a/k/a Marco Salazar, Ana **FIGUEROA**, and others assisted, aided and abetted with functions of the organization to include, the receipt, the shipment and the distribution of cocaine, heroin, fentanyl and methamphetamine to various locations within the United States including New York, Philadelphia, North Carolina and Massachusetts and other locations, and in the receipt, transmission and collection of proceeds from the distribution of said controlled substance.

## COUNT ONE
### (Continuing Criminal Enterprise)

Beginning from on or about February 2009 and continuing through the date of this indictment, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,

███████████████████████████

Saul **ROMERO** a/k/a **Flaco**,

did knowingly and intentionally engage in a continuing criminal enterprise, in that Defendants did unlawfully, intentionally and knowingly violate Title 21, United States Code, Section 841(a)(1), and 846, including but not limited to, the violations as alleged in Counts 2, 5, 9, 10, 11, 12, 13, 14, 16, 17, 18 and 19 of this indictment, which counts are re-alleged and incorporated herein by reference, and which violations were part of a continuing series of violations of Title 21, United States Code, undertaken by the Defendants in concert with five or more other persons with respect to whom the Defendants occupied a position of organizer, supervisor and manager, and from which the Defendants obtained substantial income and resources.

Furthermore, the Defendants, were principal administrators, organizers, supervisors and leaders of the criminal enterprise, which involved possession with intent to distribute and

distribution of mixtures and substances containing a detectable amount of methamphetamine, a schedule II, controlled substance, and the amount of said mixtures and substances was 300 times the quantity of substance(s) listed in 21 U.S.C. Section 841(b)(1)(B).

In violation of Title 21, United States Code, Sections 848(b) and 848(c).

## COUNT TWO
### (Drug Trafficking Conspiracy)

From on or about February 2009, and continuing through the date of this indictment, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



**Saul ROMERO a/k/a Flaco,**

**Marco Antonio MONTERROSA DUBON a/k/a Markito,**

did knowingly conspire and agree with each other and with other persons known and unknown to the Grand Jury to commit the following offenses against the United States:

a) To possess with intent to distribute a Schedule I controlled substance, to wit, 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1);

b) To possess with intent to distribute a Schedule I controlled substance, to wit, 1 kilogram and more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1);

c) To possess with intent to distribute a Schedule II controlled substance, to wit, 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(a)(1);

d) To possess with intent to distribute a Schedule II controlled substance, to wit, Fentanyl, in violation of Title 21, United States Code, Section 841(a)(1);

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C).

## MANNER AND MEANS

1. It is part of the conspiracy to recruit individuals to perform various functions critical to the success of the organization.

2. It is further part of the conspiracy that individuals assisted in the storage, wrapping, shipping, conducting surveillance, and delivery of drug shipments and, in the storing, wrapping, shipping, transportation, conducting surveillance, and delivery of drug proceeds.

3. It is further part of the conspiracy to use the U.S. Postal Service or other means to include Federal Express, to ship cocaine, methamphetamine, heroin, and/or fentanyl within the United States,

4. It is further part of the conspiracy to use various U.S. bank accounts to transfer drug proceeds from U.S. distribution hub cities to U.S. cities along the Mexican border, including Laredo, Texas and to places outside the United States, including Mexico, Ecuador and Peru.

## COUNT THREE
(Money Laundering Conspiracy)

From on or about February 2009, through the date of this indictment, in the Southern

District of Texas and elsewhere within the jurisdiction of the Court, defendants,



Saul ROMERO a/k/a Flaco,

DANIEL LAUREL a/k/a Danny,
MARCO A. SALAZAR, III a/k/a Marco Salazar, and
Ana FIGUEROA,

did knowingly conspire and agree with each other and with others known and unknown to the Grand

Jury, to commit offenses against the United States, to wit:

a) To knowingly conduct and attempt to conduct a financial transaction, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, drug

trafficking, in violation of Title 21, United State Code, Section 846 and 841 knowing that the transaction was designed in whole or in part to conceal and disguise the nature, ownership, control and source of the proceeds of the specified unlawful activity, and knowing the property involved in the financial transaction, represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

b) To knowingly conduct and attempt to conduct a financial transaction, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, drug trafficking, in violation of Title 21, United State Code, Section 846 and 841 knowing that the transaction was designed in whole or in part to avoid a transaction reporting requirement under State or Federal law, and knowing that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

c) To transport, transmit and transfer and attempt to transport, transmit and transfer monetary instruments, that is an amount of United State currency, from a place in the United States to a place, outside the United States, that is, Mexico, Ecuador or Peru, with the intent to promote the carrying on of a specified unlawful activity that is, drug trafficking, in violation of Title 21, United State Code, Section 846 and 841 in violation of Title 18, United States Code, Section 1956(a)(2)(A);

d)      To knowing engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is the transfer and exchange of United States currency, such property having been derived from a specified unlawful activity, that is, drug trafficking, in violation of Title 21, United State Code, Section 846 and 841 in violation of Title 18, United States Code, Section 1957.

In violation of Title 18, United States Code, Section 1956(h).

<u>MANNER AND MEANS</u>

1. It is part of the conspiracy to collect drug proceeds from the distribution of bulk quantities of cocaine, methamphetamine, heroin, and/or fentanyl from drug distributors in Florida, Philadelphia, North Carolina, New York, Atlanta and elsewhere.

2. It is further part of the conspiracy to transport United States currency/drug proceeds within the United States in vehicles or tractor-trailers and deliver the proceeds to coconspirators in Laredo, Texas and elsewhere.

3. It is further part of the conspiracy to transmit Untied States currency via wire transmitters or various bank accounts to accounts in U.S. cities along the Mexican border, including

Laredo, Texas and to places outside the United States, including Mexico, Ecuador and Peru.

4. It is further part of the conspiracy to recycle drug proceeds back into the organization, including the payment of drug debts, the purchase of vehicles, the purchase or rental of properties including hotel rooms and vehicles, the purchase of cellular telephones and the payment of labor costs related to shipment, storage, distribution and surveillance.

5. It is further part of the conspiracy for defendants to purchase and/or invest in businesses and real property to make money laundering violations easier to commit or harder to detect.

## COUNT FOUR
### (Money Laundering)

On or about October 30, 2013, in the Southern District of Texas, and elsewhere within the

jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and

foreign commerce, knowing that the financial transactions involved the proceeds of some form

of unlawful activity, to wit: drug trafficking and knowing the transactions were designed in

whole or in part to conceal and disguise the nature, location, source, ownership, and control of

the proceeds of the said specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE
### (Possession with Intent to Distribute)

On or about March 12 to 19, 2014, in the Southern District of Texas, and elsewhere within

the jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco,

did knowingly possess with intent to distribute a controlled substance. This violation involved a quantity of 500 grams and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT SIX
### (Money Laundering)

On or about April 5, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



**Saul ROMERO a/k/a Flaco, and
DANIEL LAUREL a/k/a Danny,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, knowing that the financial transactions involved the proceeds of some form of unlawful activity, to wit: drug trafficking and knowing the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SEVEN
### (Money Laundering)

On or about April 15, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



*Saul ROMERO a/k/a Flaco,* and
DANIEL LAUREL a/k/a Danny,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, knowing that the financial transactions involved the proceeds of some form of unlawful activity, to wit: drug trafficking and knowing the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT EIGHT
#### (Money Laundering)

On or about April 23, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



**Saul ROMERO a/k/a Flaco,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, knowing that the financial transactions involved the proceeds of some form of unlawful activity, to wit: drug trafficking and knowing the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT NINE
#### (Possession with Intent to Distribute)

On or about May 8, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



**Saul ROMERO a/k/a Flaco, and**

did knowingly possess with intent to distribute a controlled substance. This violation involved a quantity of 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT TEN
### (Possession with Intent to Distribute)

On or about June 30, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco, and

did knowingly possess with intent to distribute a controlled substance. This violation involved a quantity of 1 kilogram and more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT ELEVEN
### (Possession with Intent to Distribute)

On or about and between July 28 and 31, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco, and

did knowingly possess with intent to distribute a controlled substance. This violation involved a quantity of 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT TWELVE
### (Possession with Intent to Distribute)

On or about September 2, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



**Saul ROMERO a/k/a Flaco,**

did knowingly possess with intent to distribute a controlled substance. This violation involved a quantity of 1 kilogram and more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT THIRTEEN
### (Possession with Intent to Distribute)

On or about September 30, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



**Saul ROMERO a/k/a Flaco, and**

10

did knowingly possess with intent to distribute a controlled substance. This offense involves a quantity of more than 1 kilogram of methamphetamine, its salts, isomers, and salts of its isomers and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

### COUNT FOURTEEN
(Possession with Intent to Distribute)

On or about November 19, 2014, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco,

did knowingly possess with intent to distribute a controlled substance. This offense involves a quantity of more than 1 kilogram of methamphetamine, *its salts, isomers, and salts of its isomers* and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

### COUNT FIFTEEN
(International Money Laundering)

*On or about January 14 to 18, 2015, in the Sothern District of Texas and elsewhere within* the jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco, and

11

did knowingly transport, transmit, transfer and attempt to transport, transmit, transfer monetary instruments, that is U.S. currency, from a place in the United States, that is State of Georgia, to a place outside the United States, that is Ecuador, with the intent to promote the carrying on of specified unlawful activity, that is drug trafficking, in violation of Title 21, United State Code, Section 846 and 841.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.


## COUNT SIXTEEN
### (Possession with Intent to Distribute)

On or about March 4, 2015, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco,

did knowingly possess with intent to distribute a controlled substance. This offense involves a quantity of more than 1 kilogram of methamphetamine, its salts, isomers, and salts of its isomers and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance; and a quantity of 100 grams and more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and Title 18, United States Code, Section 2.


## COUNT SEVENTEEN
### (Possession with Intent to Distribute)

On or about June 10, 2015, in the Southern District of Texas, and elsewhere within the

jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco, and
**Marco Antonio MONTERROSA DUBON a/k/a Markito,**

did knowingly possess with intent to distribute a controlled substance. This offense involves a quantity of more than 1 kilogram of methamphetamine, its salts, isomers, and salts of its isomers and 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN
### (Possession with Intent to Distribute)

On or about October 2, 2015, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco, and

did knowingly possess with intent to distribute a controlled substance. This offense involves a quantity of Fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT NINETEEN
### (Possession with Intent to Distribute)

On or about November 25, 2015, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, Defendants,



Saul ROMERO a/k/a Flaco

did knowingly possess with intent to distribute a controlled substance. This offense involves a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY

**(Conspiracy to Structure Financial Transactions to Evade Reporting Requirements)**

Between on or about the dates set forth below, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**DANIEL LAUREL a/k/a Danny, and
MARCO A. SALAZAR, III a/k/a Marco Salazar,**

did knowingly and willfully conspire and agree together, with each other, and with other persons known and unknown to the Grand Jury, for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, attempt to structure and assist in structuring, the following transactions with a domestic financial institution, to wit: Wells Fargo Bank. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts set forth below, among others, were committed in and affecting the Southern District of Texas and elsewhere:

| Date | Cash Deposit | Bank/Account Holder | Account Number |
|------|------|------|------|
| 6/13/2012 | $9,500.00 | Wells Fargo/Laurel | x8984 |
| 7/16/2012 | $9,600.00 | Wells Fargo/Laurel | x8984 |
| 11/13/2012 | $5,000.00 | Wells Fargo/Laurel | x8984 |
| 11/30/2012 | $2,000.00 | Wells Fargo/Laurel | x8984 |
| 12/3/2012 | $2,500.00 | Wells Fargo/Laurel | x8984 |

| | | | |
|---|---|---|---|
| 4/15/2013 | $9,000.00 | Wells Fargo/Laurel | x8984 |
| 6/17/2013 | $9,100.00 | Wells Fargo/Laurel | x8984 |
| 7/30/2013 | $9,500.00 | Wells Fargo/Laurel | x8984 |
| 8/23/2013 | $9,500.00 | Wells Fargo/Laurel | x8984 |
| 9/4/2013 | $9,500.00 | Wells Fargo/Laurel | x8984 |
| 9/4/2013 | $9,500.00 | Wells Fargo/Salazar | x9326 |
| 9/11/2013 | $9,500.00 | Wells Fargo/Laurel | x8984 |
| 9/30/2013 | $9,000.00 | Wells Fargo/Laurel | x8984 |
| 10/4/2013 | $1,000.00 | Wells Fargo/Laurel | x8984 |
| 10/4/2013 | $1,000.00 | Wells Fargo/Laurel | x8984 |
| 10/8/2013 | $9,500.00 | Wells Fargo/Salazar | x9326 |
| 10/8/2013 | $9,500.00 | Wells Fargo/Laurel | x8984 |
| 2/18/2014 | $3,795.00 | Wells Fargo/Laurel | x8984 |
| 2/18/2014 | $5,705.00 | Wells Fargo/Laurel | x8984 |
| 2/19/2014 | $9,500.00 | Wells Fargo/Salazar | x9326 |
| 2/26/2014 | $1,125.00 | Wells Fargo/Salazar | x9326 |
| 3/7/2014 | $9,500.00 | Wells Fargo/Salazar | x9326 |
| 3/7/2014 | $9,800.00 | Wells Fargo/Laurel | x8984 |
| 3/25/14 | $9,500.00 | Wells Fargo/Laurel | x8984 |
| 3/28/2014 | $9,500.00 | Wells Fargo/Salazar | x9326 |
| 4/9/2014 | $9,500.00 | Wells Fargo/Salazar | x9326 |
| 4/9/2014 | $9,500.00 | Wells Fargo/Laurel | x8984 |
| 4/18/2014 | $9,500.00 | Wells Fargo/Salazar | x9326 |
| 4/18/2014 | $9,500.00 | Wells Fargo/Laurel | x8984 |

All in violation of Title 31, United States Code, Sections 5324(a)(3), 5324(d); and Title 18, United States Code, Section 371.

## NOTICE OF CRIMINAL FORFEITURE

### (18 U.S.C. § 982)

Pursuant to Title 18, United States Code, Section 982, as a result of the commission of a violation of Title 18, United States Code Sections 1956, Money Laundering Conspiracy as alleged in Count Three (3) of this Indictment, notice is given that the Defendants: shall forfeit to the United States:

(1) any property, real or personal, involved in the offense, or property traceable to such property;

The property subject to forfeiture under this notice pursuant to Title 18, United States Code, Section 982, includes, but is not limited to:

(A) United States currency in the sum of a $5,000,000 money judgment of forfeiture; and

(B) the real property and improvements located at 2610 Plantation East Drive, Laredo, Texas and legally described as:

> Situated in Webb County, Texas, and being THE SURFACE ONLY of Lot Number TWELVE (12), in Block Number ONE (1), THE RESERVE ESTATES SUBDIVISION, a subdivision situated in the City of Laredo, as per Plat recorded in Volume 26, Page 58, Webb County Plat Records.

### (21 U.S.C. § 853)

Pursuant to Title 21, United States Code, Sections 846 and 848, and as a result of the commission of a violation of Title 21, United States Code, Sections 846 or 848, conspiracy to possess with the intent to distribute narcotics and engaging in a criminal enterprise as alleged in Counts One (1) and Two (2) of this Indictment, notice is given to the Defendants that they shall forfeit to the United States:

(1) property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

(2) property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

(

The property subject to forfeiture under this notice pursuant to Title 21, United States Code, Section 853, includes, but is not limited to:

(A)     United States currency in the sum of a $5,000,000 money judgment of forfeiture; and

(B)     the real property and improvements located at 2610 Plantation East Drive, Laredo, Texas and legally described as:

> Situated in Webb County, Texas, and being THE SURFACE ONLY of Lot Number TWELVE (12), in Block Number ONE (1), THE RESERVE ESTATES SUBDIVISION, a subdivision situated in the City of Laredo, as per Plat recorded in Volume 26, Page 58, Webb County Plat Records.

Upon a conviction of Count One of the Indictment, the Defendants shall forfeiture in addition to any property identified in paragraphs (A) and (B) above, any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

## SUBSTITUTE ASSETS

In the event that the property that is subject to forfeiture pursuant to Title 21, United States Code, Sections 841, 846, 848 and 853, and Title 18, United States Code, Section 982 and 1956 and as a result of any act or omission of the defendants:

Or

(A)     cannot be located upon the exercise of due diligence;

(B)     has been placed beyond the jurisdiction of the Court;

(C)     has been transferred or sold to, or deposited with a third party;

(D)     has been substantially diminished in value; or

(E)     has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853 (p) and

17

Title 18, United States Code, Section 982 (b)(1), incorporating Title 21, United States Code, Section 853(p).

A TRUE BILL:

**ORIGINAL SIGNATURE ON FILE**

ABE MARTINEZ,
ACTING UNITED STATES ATTORNEY

Graciela R. Lindberg
Assistant United States Attorney

USA-74-24b
(Rev. 6-1-71)

# CRIMINAL DOCKET

__LAREDO__ DIVISION

FILE: 14-07795
SUPERSEDING INDICTMENT     Filed:__November 14, 2017__

NO.   __5:16-cr-01263-S__

Judge: __DIANA SALDAÑA__

ATTORNEYS:

ABE MARTINEZ, Acting USA
Graciela R. Lindberg, AUSA

· UNITED STATES OF AMERICA

VS.



Saul ROMERO (3)
        a/k/a Flaco   Counts 1 through 19



Marco Antonio MONTERROSA DUBON (18)
        a/k/a Markito   Counts 2 & 17



Daniel LAUREL a/k/a Danny (24)
Marco A. SALAZAR, III (25)
        a/k/a Marco Salazar  Counts 3 & 20
Ana FIGUEROA (33)
        Count 3

## CHARGE:

Ct. 1:      Continuing Criminal Enterprise [21 USC 848(b) and 848(c)]

Ct. 2:      Conspiracy to possess with intent to distribute: 5 kilograms or more of cocaine; 1 kilogram or more of heroin; 500 grams or more of methamphetamine; and fentanyl [21 USC 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C)]

Ct. 3:      Money Laundering Conspiracy [18 USC 1956(h)]

Ct. 4, 6, 7, 8:  Money Laundering Concealment [18 USC 1956(a)(1)(B)(i) and 18 USC 2]

Ct. 5:      Possess with intent to distribute 500 grams or more of cocaine; [21 USC 841(a)(1), 841(b)(1)(B) & 18 USC 2]

| Ct. 9, 11, 17: | Possess with intent to distribute 5 kilograms or more of cocaine;<br>[21 USC 841(a)(1), 841(b)(1)(A) & 18 USC 2] |
|---|---|
| Ct. 10, 12: | Possess with intent to distribute 1 kilogram or more of heroin;<br>[21 USC 841(a)(1), 841(b)(1)(A) & 18 USC 2] |
| Ct. 13, 14, 16, 17: | Possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine<br>[21 USC 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 18 USC 2] |
| Ct.15: | International Money Laundering [18 USC 1956(a)(2)(A) and 2] |
| Ct. 18: | Possess with intent to distribute fentanyl<br>[21 USC 841(a)(1), 841(b)(1)(C) & 18 USC 2] |
| Ct. 19: | Possess with intent to distribute heroin<br>[21 USC 841(a)(1), 841(b)(1)(C) & 18 USC 2] |
| Ct. 20: | Conspiracy to Structure to Evade Reporting Requirement<br>[31 USC 5324(a)(3), 5324(d) and 18 USC 371] |

**PENALTY:**

| Count 1: | Life, $2 MILLION, $100 Special Assessment |
|---|---|
| Counts 2, 9, 11,<br>17, 13, 14, 16, 17: | 10 to Life and/or $10 MILLION, $100 Special Assessment,<br>At Least a 5 Year Term of Supervised Release |
| Counts 5, 10, 12: | 5 to 40 years and/or $5 MILLION, $100 Special Assessment,<br>At Least a 4 Year Term of Supervised Release |
| Counts 3, 4, 6,<br>7, 8, 15, 18, 19: | 0 to 20 years and/or $1 MILLION, $100 assessment,<br>At Least a 3 Year Term of Supervised Release |
| Count 20: | 0 to 5 years imprisonment, $250,000 fine, $100 Special Assessment,<br>Up to 3 year term of Supervised Release |

**TOTAL COUNTS: 20**

In Jail:

On Bond:

Name and Address of Surety:

No Arrest: